IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

               Plaintiff,

                                      OPINION AND ORDER

     v.

                                      09-cv-09-bbc

DR. BURTON COX and MARY BARTELS,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Ceasar Banks, an inmate at Waupun Correctional Institution, has moved for a preliminary injunction on his claim that defendants Dr. Burton Cox and Mary Bartels are not permitting him to undergo surgery on his left shoulder, as recommended by an orthopedic specialist in June 2008.  To prevail on this motion, plaintiff must show that he has some chance of success on the merits and that the balance of harms favors immediate relief.  Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). Because he has failed to meet that standard, I must deny his motion for a preliminary injunction.

A prisoner's right to medical care has been violated when he has a serious medical need, a prison official is aware of that need and disregards the need by failing to take

1

reasonable measures to treat it.  <u>Estelle v. Gamble</u>, 429 U.S.  97 (1976).  In support of his allegation that he suffered a grade 1 AC separation and chip fracture of his left scapula in a 2005 motor scooter accident, plaintiff relies on a 2005 radiology report from St. Joseph's Hospital in Milwaukee.  However, that report does not state definitively that he sustained these injuries.  Instead, it states that he has "relative widening at the AC joint, which may represent a grade 1 AC separation" and a "questionable chip fracture of the scapula."  Dkt. #42, Exh. #2.

Following plaintiff's incarceration in 2008 at the Prairie du Chien Correctional Institution, he saw Dr. James Pearson at Prairie du Chien memorial Hospital for his shoulder pain.  In a report dated June 18, 2008, Dr. Pearson recommended Tramadol for plaintiff's pain and that a magnetic imaging scan be performed on plaintiff's left shoulder.  Dkt. #42, Exh. #3.  After reviewing plaintiff's imaging scan results on July 16, 2008, Dr. Pearson recommended that plaintiff undergo arthroscopy with depingement to include a resection of the outer end of the clavicle, with possible acromioplasty and labral repair.  <u>Id.</u> at Exh. #4.

Plaintiff avers that the surgery was never done and, as a result, he does not have full range of motion in his left shoulder and arm, is in pain and cannot sleep at night.  Dkt. #42, ¶¶ 3-4.  Plaintiff avers that his AC joint worsens each day and that continued injury will prevent him from regaining full use of his shoulder and arm.  <u>Id.</u> at ¶¶ 5-6.  He asks that

defendants be ordered to provide him with the appropriate surgery and have him examined by a qualified orthopedic specialist.

In their response to plaintiff's motion, defendants submitted the affidavit of defendant Cox, who is plaintiff's treating physician at the prison.  Dr. Cox avers that within two weeks of plaintiff's placement at the institution, he examined plaintiff and recommended six physical therapy sessions for plaintiff's shoulder.  Exh. #48, ¶¶ 8 and 23.  On May 15, 2008, the physical therapist recommended that plaintiff should see an orthopedist because he was not gaining range of motion in his shoulder.  Id. at ¶ 32.  Dr. Cox avers that on July 16, 2008, he requested authorization for the surgery recommended by Dr. Pearson.  Id. at ¶ 44 and Exh. #110.  Because Dr. Pearson could not perform the surgery at his hospital, Dr. Cox sought and received approval for plaintiff to go to the University of Wisconsin Hospital for evaluation and surgery.  Id. at ¶¶ 45-46.  An off-site service request and report shows that on September 5, 2008, plaintiff saw Dr. Michael Shin, who diagnosed plaintiff with mild adhesive capsulitis, or "frozen shoulder."  Id. at ¶¶ 47 and Exh. #111.

Plaintiff objects to Dr. Shin's opinion on the ground that Dr. Shin was not given the July 2008 magnetic imaging scan to review.  In his affidavit, Dr. Cox admits that this mistake occurred but avers that he corrected it by providing Dr. Shin with the most recent imaging study.  Dkt. #48, ¶ 48, 52.  Clinic notes dated January 19, 2009 show that Dr. Shin

3

reviewed the 2008 study and reevaluated plaintiff.  Id. at Exh. #115.  Dr. Shin noted no significant change from plaintiff's 2004 study and stated the opinion that plaintiff did not need surgery.  Id.  He wrote, "As per his last visit, I told him that a few visits of physical therapy is not the treatment for his adhesive capsulitis and that he needs extremely aggressive and continuous physical therapy, which he has not been compliant with."  Id. Although Dr. Shin offered plaintiff a corticosteroid injection, plaintiff refused it.  Id.

In sum, plaintiff has not adduced any evidence that he has a grade 1 AC separation. Medical records show that his condition is less severe than he alleges and that he requires only extensive physical therapy.   I understand that plaintiff believes that Dr. Shin misdiagnosed him because defendants failed to provide him with his current test results. However, defendants have remedied that situation, and Dr. Shin's recommendations have not changed.  As defendants point out, differences of opinion among medical personnel regarding appropriate treatment do not demonstrate deliberate indifference.  Estelle, 429 U.S. at 107;  Estate of Cole v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996).  Further, plaintiff has failed to show that he will be harmed if he does not undergo surgery immediately. Therefore, his motion for a preliminary injunction will be denied.

ORDER

IT IS ORDERED that plaintiff Ceasar Banks's motion for a preliminary injunction, dkt. #40, is DENIED.

Entered this 14th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5