IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

                Plaintiff,

                                          OPINION AND ORDER

    v.

                                            09-cv-009-bbc

DR. BURTON COX and MARY BARTELS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action brought pursuant to 42 U.S.C. § 1983, plaintiff Ceasar Banks has been granted leave to proceed on his Eighth Amendment claim that defendants Dr. Burton Cox and Mary Bartels failed to provide him adequate medical treatment. Defendants have moved for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies with respect to his claims against defendant Cox, as required by 42 U.S.C. § 1997e(a). Because there is a genuine issue of fact as to whether plaintiff exhausted all available administrative remedies, defendants' motion must be denied.

       From the parties' affidavits and their exhibits, I find the following facts to be material and undisputed.

1

UNDISPUTED FACTS

On June 27, 2008, plaintiff filed an inmate complaint, alleging that defendants refused to give him pain medication for his shoulder as recommended by his physical therapist and orthopedist. The inmate complaint examiner's office acknowledged receipt of complaint number PDCI-2008-17943 on June 30, 2008. In a report dated July 15, 2008, inmate complaint examiner Mandy Mathson recommended dismissal of the complaint on the ground that defendant Cox stated the medical opinion that plaintiff did not "meet the indications for opiates." Cynthia Thorpe reviewed and affirmed that decision on July 22, 2008. Plaintiff received a copy of Thorpe's decision on or about July 25, 2008.

Plaintiff filed a second inmate complaint, number PDCI-2008-27840, on October 24, 2008, alleging that defendant Bartels was preventing him from receiving medical treatment. On November 6, 2008, inmate complaint examiner Mathson recommended affirming plaintiff's complaint. Four days later, Thorpe reviewed and affirmed that decision.

DISPUTED FACT

The parties genuinely dispute whether plaintiff appealed complaint number PDCI-2008-17943 by completing a DOC 405 form and placing it in the United States mail at the Prairie Du Chien Correctional Institution on July 29, 2008.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Because exhaustion is an affirmative defense, defendants have the burden to prove that plaintiff did not exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Further, to succeed on their motion for summary judgment, defendants must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir. 1989).

3

In support of their motion for summary judgment, defendants submitted an affidavit from Tom Gozinske, a corrections complaint examiner with the Wisconsin Department of Corrections, who avers that he found no appeal of complaint number PDCI-2008-17943. In response, plaintiff submitted a copy of his appeal, which he avers that he filed on July 29, 2008 by placing it in the United States mail at the institution. Defendants assert that plaintiff's evidence fails to dispute Gozinske's statement because plaintiff "does not state that the appeal was mailed in an envelope with adequate prepaid postage properly addressed to the CCE." Defs' reply br., dkt. #66, at 1. I disagree.

Although the details that plaintiff is able to provide with respect to the filing of his appeal may bear on his credibility at trial, he is not required to provide the details that defendants suggest in order to establish a genuine issue of fact. The cases that defendants cite in support of their argument are not persuasive. Dkt. #66 (citing Dole v. Chandler, 438 F.3d 804, 810-11 (7th Cir. 2006); Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); United States v. Craig, 368 F.3d 738, 740 (7th Cir. 2004)). Those cases all discuss the requirements that an inmate must follow to benefit from Fed. R. App. P. 4(c), the federal mailbox rule, which is not at issue in this case. Because defendants have failed to show that there is no genuine issue of material fact with respect to whether plaintiff exhausted his administrative remedies, their motion for partial summary judgment must be denied.

4

ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants Dr. Burton Cox and Mary Bartels, dkt. #51, is DENIED.

Entered this 27th day of May, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

5