IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

           Plaintiff,

                                      OPINION AND ORDER

    v.

                                      09-cv-009-bbc

DR. BURTON COX and MARY BARTELS,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 14, 2009, I denied plaintiff Ceasar Banks's motion for a preliminary injunction on his claim that defendants Dr. Burton Cox and Mary Bartels are not permitting him to undergo surgery on his left shoulder, as recommended by an orthopedic specialist in June 2008. Dkt. #50. I found that plaintiff's medical records showed that his shoulder condition is less severe than he alleges, more recent medical opinions recommended only physical therapy and there was no evidence that he has a grade 1 AC separation or that he will be harmed if he does not undergo surgery immediately. Plaintiff now has moved for reconsideration of that decision, alleging that he has new medical documentation of his AC joint separation and that defendant Dr. Burton Cox is unqualified because he has a limited license to practice medicine. Dkt. #57.

1

Plaintiff's additional evidence is not compelling. As an initial matter, I note that defendants challenge the medical report on the ground that it is not authenticated. That argument is not persuasive. Defendants do not argue that the record is false, only that it is inadmissible. Plaintiff could remedy that problem by asking his medical provider to certify that the document is a true and accurate copy of his medical record. More to the point is the fact that the medical record fails to show that the court erred in denying plaintiff's preliminary injunction.

Although the record shows that plaintiff has an "AC joint separation, maybe first or second degree," no specific course of treatment was recommended. Surgery is not mentioned, and plaintiff was prescribed Ultram for pain. Without more, plaintiff cannot show that his condition requires immediate medical attention. Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998).

Plaintiff also submits what appears to be an article noting that in 1992, the Wisconsin Medical Examining Board gave defendant Cox a limited license with the conditions that he undergo drug abuse treatment and remain free of drugs and alcohol. Dkt. #69. In response, defendant Cox submitted a copy of his Wisconsin medical license, showing no current limitations. Plaintiff's evidence seems outdated and is irrelevant to defendant Cox's current qualifications.

For these reasons, plaintiff's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Ceasar Banks's motion for reconsideration, dkt. #57, is DENIED.

Entered this 8th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge