IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CEASAR R. BANKS,

        Plaintiff,

                                    OPINION AND ORDER

   v.

                                    09-cv-09-bbc

DR. BURTON COX and MARY BARTELS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Ceasar Banks, an inmate at the Waupun Correctional Institution, has filed his second motion for a preliminary injunction on his claim that defendants Dr. Burton Cox and Mary Bartels have failed to provide him with adequate treatment for his shoulder, back, hip and knee pain. Dkt. #74. In a motion filed on March 13, 2009, plaintiff asked that defendants be ordered to provide him with the appropriate surgery and have him examined by a qualified orthopedic specialist. Dkt. #40. In an order entered on April 14, 2009, I denied that motion, questioning the severity of plaintiff's shoulder injury and finding that he failed to show that he would be harmed if he did not undergo surgery immediately. Dkt. #50. At most, plaintiff showed that defendants had a different medical opinion than one

specialist who examined him. Now plaintiff asks that defendants be ordered to provide him with the pain medication Ultram, which three outside doctors had prescribed for him. Defendants were not asked to respond to the motion. Plaintiff's request for immediate injunctive relief will be denied on similar grounds as the initial motion.

In support of his motion, plaintiff submits the same medical records that he submitted in support of his first motion for a preliminary injunction. The records show that on June 18, 2008, a Dr. Pearson prescribed Tramadol (also known as Ultram) for plaintiff; on January 16, 2009, Dr. John Orwin agreed that plaintiff should take Ultram to lessen his pain so that he could participate in physical therapy; and during a February 12, 2009 emergency room visit, Dr. E.G. Aguilar prescribed plaintiff Ultram for pain associated with AC joint separation. Dkt. #76.

In their response to plaintiff's initial motion, defendants submitted the affidavit of defendant Cox, who was plaintiff's treating physician at the Prairie du Chien Correctional Institution. Exh. #48. Dr. Cox averred that Ultram is a synthetic medication that functions like short-term opioids, which are used to manage pain. He explained that short-term opioids are prescribed for a week or less to treat acute pain after an injury or surgery. Dr. Cox averred that Department of Corrections physicians try to limit short-acting opioids in the correctional system because of the high potential for abuse by inmates. Long-acting opioids are prescribed for chronic pain conditions. Dr. Cox explained that any individual

taking long-acting opioids faces an increased danger of overdose and inmates have a greater chance of becoming chemically dependent on the medication. A patient taking an opioid for a chronic condition will need higher and higher doses to achieve the same level of pain control. Dr. Cox averred that the Department of Corrections leaves the decision whether to use such pain medications to the professional judgment of the medical staff. Dr. Cox stated that he did not prescribe plaintiff opiates because he did not meet the indications for them and that alternative pain relievers, such as aspirin and Tylenol, could be as effective.

In sum, plaintiff has not adduced any evidence that defendants have failed to take reasonable measures to treat his pain. Estelle v. Gamble, 429 U.S. 97 (1976). As previously noted, differences of opinion among medical personnel regarding appropriate treatment do not demonstrate deliberate indifference. Id. at 107; Estate of Cole v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996). Because plaintiff has failed to show that he has some chance of success on the merits and that the balance of harms favors immediate relief, his second motion for a preliminary injunction will be denied. Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998).

ORDER

IT IS ORDERED that plaintiff Ceasar Banks's second motion for a preliminary injunction, dkt. #74, is DENIED.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4